## ARGUED AND DETERMINED

IN

# THE SUPREME COURT

OF THE

## STATE OF VERMONT.

---

### CURTIS vs. HUBBEL.

The plaintiff and the defendant were both heirs at law of the estate of E. C. and the plaintiff was administrator of said estate. The plaintiff delivered to the defendant certain articles of personal property belonging to the estate, valued at a certain sum, for which the defendant gave his receipt, by which he promised to account to the plaintiff for the said property on a settlement of said estate. In an action of *assumpsit* on said receipt — held that the plaintiff to support his action must show by the records of the Court of Probate a settlement of said estate.

This was an action of *assumpsit* on a certain receipt in writing, for sundry articles of personal property, of the estate of E. Camp, valued at a specific sum, to be accounted for by the defendant to the plaintiff on a settlement of the estate.

Chittenden, January, 1824.

On trial upon the general issue, it appeared in evidence, that the respective wives of the plaintiff and defendant were heirs at law of the estates of Luke Camp, and Elizabeth Camp, relict of said Luke; and that Luke Camp dying first, the plaintiff was appointed administrator *de bonis non* of his estate, Jan. 2, 1817, and that Elizabeth Camp having deceased in the mean time, he was also appointed administrator of *her* estate on the 7th of Jan. 1817. It also appeared that under an order of the Judge of Probate, the two estates were consolidated on the 4th of Aug. 1818.

A certified copy of the records of all the proceedings of the Probate Court, in relation to these estates, was produced on the trial, from which it also appeared that an inventory of Elizabeth Camp's estate, amounting to $580 25, was returned June

*Chittenden,*
January,
1824.

Curtis.
*vs.*
Hubbel

2d, 1818 — that an order for the sale of the real estate of Elizabeth Camp, for the payment of debts, was obtained by the plaintiff Aug. 4th, 1818 — a return of the sale made on the 7th Dec. 1819, and the plaintiff's account as administrator allowed on the same day.

The Court instructed the Jury that this record was sufficient evidence of the settlement of the estate, so as to entitle the plaintiff to a return of the articles receipted, on notice thereof and demand ; and the Jury returned a verdict for the plaintiff accordingly.

And now upon a motion to set aside the verdict and grant a new trial, founded upon exceptions to the opinion of the Court, it was contended by the counsel for the defendant, that it does not appear, from an inspection of the whole record, that the plaintiff, in his settlement, has accounted for all the real or personal estate of Luke Camp — That having procured from the Judge of Probate an order consolidating both estates, he is bound to show a final and complete settlement of both ; for, without such showing, the true situation of neither can appear : and the allowance of an account of an administrator is no evidence of a final settlement of the estate, unless it shall appear from the same, that all the property inventoried, both real and personal, has been accounted for.

*By the Court.* It is obvious from the relative situation of these parties and the tenor of the receipt, that it was their expectation at the time of its execution, that this amount at least, of the estate of Elizabeth Camp, would remain for the defendant in right of his wife, on a final settlement of the estate ; and, in such event, an acknowledgment of the receipt of so much, as heir, would have been a sufficient accounting for the property specified and estimated in the receipt. The settlement contemplated in the receipt was such an one as that the respective right of the parties could be ascertained and determined by it. The plaintiff did thereby take upon himself to effect · such a settlement as that the defendant could ascertain from it wherefore the goods were demanded before the plaintiff would have a right to demand them ; And it must be confessed that upon an inspection of the whole records relating to these estates, (which are very voluminous) such a settlement does not appear.

The consolidation of the two estates was an improvident act; for the surplus of the one was not liable to be taken to eke out the insolvency of the other: besides, the whole of the estate of Luke Camp, not otherwise accounted for, does not satisfactorily appear, from the records offered, to have gone into the consolidation. The plaintiff has thereby rendered it impossible for him to show, at least by this record, how the estate of Elizabeth Camp, stands on settlement, or indeed whether it is settled at all. The instruction to the Jury therefore, as to these records, was incorrect; and the verdict is, for that cause, set aside, and a new trial granted.

*Charles Adams* attorney for the plaintiff.

*Griswold* and *Follet* for the defendant.